UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GABRIELLE BARBOUR, )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>MERRICK B. GARLAND,[1] )<br>Attorney General of the United States, )<br>)<br>*Defendant.* )<br>) | Civil Action No. 20-3348 (EGS) |

**DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER VENUE**

Defendant, Merrick B. Garland, Attorney General of the United States, U.S. Department of Justice, by and through undersigned counsel, respectfully moves pursuant to Federal Rule of Civil Procedure 12(b)(3) to dismiss the Plaintiff's Complaint, ECF No. 1, on grounds of improper venue, or in the alternative, to transfer this case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1406(a).

A supporting memorandum of law and proposed order accompanies this motion.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Merrick B. Garland is automatically substituted for his predecessor, William P. Barr.

Dated: June 7, 2021
    Washington D.C.

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: */s/ Dedra S. Curteman*
DEDRA S. CURTEMAN
IL Bar #6279766
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 252-2550
dedra.curteman@usdoj.gov

*Counsel for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GABRIELLE BARBOUR, )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>MERRICK B. GARLAND, )<br>Attorney General of the United States, )<br>)<br>*Defendant.* )<br>) | Civil Action No. 20-3348 (EGS) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS OR TO TRANSFER VENUE**

Defendant Merrick B. Garland, Attorney General of the United States, U.S. Department of Justice, respectfully moves pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(3) of the to dismiss Plaintiff's Complaint, ECF No. 1, on grounds of improper venue, or, in the alternative, to transfer this case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1406(a).

**INTRODUCTION**

On November 18, 2020, Plaintiff filed a Complaint purporting to state claims pursuant to Title VII against William Barr, in his official capacity as the Attorney General. ECF No 1. In her Complaint, Plaintiff alleges that the Drug Enforcement Administration ("DEA" or "Agency"), a subcomponent of the U.S. Department of Justice, discriminated and retaliated against her when Agency personnel did not select her to become a Special Agent. *Id*. ¶¶ 1, 30-34.

Plaintiff claims that venue is appropriate in the United States District Court for the District of Columbia "because the Defendant is located in this District, and some of the events were directed by personnel in this district." *Id*. ¶ 3. Plaintiff further claims that venue in this district is appropriate because "[p]ersonal [sic] practices challenged herein were directed or supervised by

Defendant in this district." *Id*.  Based on Plaintiff's own pleadings, however, the alleged events giving rise to Plaintiff's claims arose from Plaintiff's employment application to become a Special Agent with the Drug Enforcement Administration, which is headquartered in Arlington, Virginia.  And, by Plaintiff's own admissions within her complaint, DEA personnel located at DEA headquarters made the ultimate employment decisions at issue here—not personnel located at the Department of Justice.  Therefore, the Eastern District of Virginia is the proper and most appropriate venue under Title VII's venue provisions.

Plaintiff's claims are governed by a specific statutory provision, 42 U.S.C. § 2000e-5(f)(3). *Id*. ¶ 3.  Under the provision, venue is proper in any of three potential judicial districts: (1) where the unlawful employment practice is alleged to have been committed; (2) where the employment records relevant to such a practice are maintained and administered; or (3) where the aggrieved person would have worked but for the alleged unlawful employment practice.  When defendant cannot be brought to court under any of these three situations, the proper venue is the location of defendant's principal office. 42 U.S.C. § 2000e-5(f)(3).  Here, the allegedly unlawful employment practices occurred in Arlington, Virginia, by personnel located at the DEA headquarters, and, but for the alleged unlawful employment practices, Plaintiff would have worked as a Special Agent for DEA, with her initial training occurring in Quantico, Virginia, also located in the Eastern District of Virginia.  The second venue prong further militates in favor of the Eastern District of Virginia because DEA's personnel records are maintained in Springfield, Virginia, also located in the Eastern District of Virginia.  Ex. 1, Saunders Decl. ¶ 5.

Though the first three prongs establish venue in the Eastern District of Virginia, analysis of the fourth prong of the venue provision occurs only when no district would be proper under the first three prongs for plaintiff's Title VII claim.  *See Saran v. Harvey*, Civ. A. No. 04-1847 (JDB),

2005 WL 1106347, at *3 (D.D.C. May 9, 2005) (proceeding to the fourth prong under 42 U.S.C. § 2000e-5(f)(3) is proper when "defendant cannot be found in any other districts where venue is appropriate."). Nonetheless, even if the Court's analysis were to proceed to the fourth prong, DEA's principal place of business in located in Arlington, Virginia, thus necessitating venue in the Eastern District of Virginia.

The Eastern District of Virginia is the proper and most appropriate venue for Plaintiff's complaint under Title VII's venue provision because the alleged discrimination occurred at DEA headquarters in Arlington, Virginia, DEA's personnel records are stored in Springfield, Virginia, and Plaintiff would have begun her work as a Special Agent at DEA's Basic Training Academy in Quantico, Virginia. Finally, notwithstanding whether the Court looks to the fourth prong of the venue analysis, the Court may transfer the case, in its discretion, to the Eastern District of Virginia in the interest of justice.

## STANDARD OF REVIEW

A. **Rule 12(b)(3) – Motion to Dismiss for Improper Venue.**

"Rule 12(b)(3) of the Federal Rules of Civil Procedure authorizes a party to move to dismiss a case for 'improper venue.'" *Fam v. Bank of Am. N.A. (USA)*, 236 F. Supp. 3d 397, 405 (D.D.C. 2017) (citing Fed. R. Civ. P. 12(b)(3)). "Similarly, the federal venue statute, 28 U.S.C. § 1406(a), requires that a district court 'dismiss, or if it be in the interest of justice, transfer' a case, which is filed 'in the wrong division or district.'" *Id*. (quoting 28 U.S.C. § 1406(a)). "Together, Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is wrong or improper . . . in the forum in which [the case] was brought." *Id*. (internal quotation marks omitted).

When a defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper "[b]ecause it is the plaintiff's obligation to institute the action in a permissible forum." *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). "Plaintiff[] must establish

3

venue with respect to . . . each cause of action." *Prescott-Harris v. Fanning*, Civ. A. No. 15-1716 (RC), 2016 WL 7223276, at *6 (D.D.C. Dec. 12, 2016). In assessing a motion for improper venue, the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor and resolves any factual conflicts in the plaintiff's favor." *Fam*, 236 F. Supp. 3d at 405 "The Court, however, need not accept the plaintiff's legal conclusions as true, and may consider material outside the pleadings, including undisputed facts evidenced in the record, to determine whether it has jurisdiction in the case." *Id*. (internal quotation marks omitted).

"Courts can determine venue by applying a 'commonsense appraisal' of events having operative significance." *Darby v. Dep't of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002) (quoting *Lamont v. Haig,* 590 F.2d 1124, 1134 (D.C. Cir. 1978)). "Specifically, venue cannot lie in the District of Columbia when 'a substantial part, if not all, of the employment practices challenged in this action' took place outside the District even when actions taken in the District 'may have had an impact on the plaintiff's situation.'" *Id*. at 277 (quoting *Donnell v. Nat'l Guard Bureau,* 568 F. Supp. 93, 94 (D.D.C. 1983)).

**B.     28 U.S.C. § 1404(a) – Motion to Transfer Venue.**

A case may be transferred to any district where venue is also proper "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Ctr. for Env't Sci., Accuracy & Reliability v. Nat'l Park Serv.*, 75 F. Supp. 3d 353, 356 (D.D.C. 2014) (internal quotation marks omitted). "Thus, 'transfer in derogation of properly laid venue' in the District of Columbia 'must . . . be justified by particular circumstances that render the transferor forum

4

inappropriate by reference to the considerations specified in that statute.'" *Id*. "The movant bears the burden of persuasion that transfer of an action is proper." *Id*.

## ARGUMENT

For the following reasons, this Court should dismiss Plaintiff's Complaint pursuant to Rule 12(b)(3), or, in the alternative, transfer the case pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Eastern District of Virginia.

**A.     Plaintiff's Complaint Fails to Establish that Venue is Proper in the United States District for the District of Columbia Under the First Three Prongs of 42 U.S.C. § 2000e5(f)(3).**

Whether venue is proper or improper under 28 U.S.C. § 1406(a) "depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). The applicable "federal venue law" in this case is 42 U.S.C. § 2000e-5(f)(3). Under the applicable federal venue law, an employment discrimination case must be filed: (1) in the district in which the unlawful employment practice is alleged to have been committed; (2) in the district where the complainant would have worked but for the alleged unlawful practice; (3) in the district where the relevant employment records are administered or maintained; or (4) in the district in which the defendant has his principal place of business. 42 U.S.C. § 2000e-5(f)(3).

Here, the complaint fails to provide any factual basis to establish venue as proper in the District of Columbia under any of the prongs of 42 U.S.C. §2000e5(f)(3). "[T]he D.C. Circuit [has] examined the language of section 2000e-5(f)(3) and determined that 'the intent of Congress to limit venue to the judicial districts concerned with the alleged discrimination seems clear' and that provision should supersede broader venue provisions." *James v. Booz-Allen*, 227 F. Supp. 2d 16, 21 (D.D.C. 2002) (quoting *Stebbins I*, 413 F.2d at 1102)). Moreover, "'[b]ecause federal

agencies often are headquartered in the District of Columbia, courts in this Circuit are especially vigilant about how strictly the Title VII venue provision is applied in order to avoid finding proper venue in the District for every discrimination lawsuit filed against a government agency, no matter where the employee was located or where the discrimination actually occurred.'" *Kuklinski v. Dep't of Treasury*, Civ. A. No. 13-1499 (RMC), 2014 WL 6436148, at *7 (D.D.C. Nov. 18, 2014) (quoting *Vasser v. McDonald*, Civ. A. No. 14-0185 (RC), 2014 WL 5581113, at *5 (D.D.C. Nov. 4, 2014)).  For the following reasons, the Court should dismiss Plaintiff's Complaint for improper venue, or in the alternative, transfer the case to the Eastern District of Virginia in the interest of justice.

       **1.**     **The Allegedly Unlawful Employment Practices Occurred at DEA Headquarters Which Is Located in Arlington, Virginia.**

In promulgating the venue provision governing employment actions, Congress intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination, and the venue determination must be based on a "commonsense" appraisal" of how the events in question arose.  *See Spencer v. Rumsfeld*, 209 F. Supp. 2d 15, 17-19 (D.D.C. 2002); *see also Tildon v. Alexander*, 587 F. Supp. 2d 242, 243 (D.D.C. 2008) (there is "a clear preference in employment discrimination cases for adjudicating the claims in the judicial district most concerned with the alleged discrimination.").

DEA headquarters is located in Arlington, Virginia, not Washington D.C., and has a mailing address as 8701 Morrissette Drive, Springfield, Virginia 22152.  *See Fernandez v. Gonzales*, Civ. A. No. 05-0265, 2006 WL 891140, at *1 (D. Del. Apr. 5, 2006) (transferring DEA agent's non-promotion claim to Eastern District of Virginia where DEA headquarters is located).  *See also* "DEA, Contact Us," https://www.dea.gov/who-we-are/contact-us (last accessed June 4,

2021). [2] With respect to the analysis of the first venue prong, Plaintiff alleges in her Complaint that DEA engaged in unlawful employment actions, and as demonstrated in the supporting Declaration of Sharyn Saunders, the decision-making individuals responsible for Plaintiff's non-selection were located at DEA headquarters. Ex. 1, Saunders Decl. ¶ 4 (noting that the responsible management officials were located at DEA headquarters). More specifically, in her complaint, Plaintiff claims that, shortly after she was told via the Special Agent applicant phone line that her application was closed and that she was no under consideration for a Special Agent position, she received an e-mail from William Kimbell detailing why the offer was rescinded and that the letter from Mr. Kimbell stated that it "was not a security denial, rather a 'non-selection.'" Compl. ¶¶ 27-28. Mr. Kimbell and the Special Agent Hiring Panel, the decision-making officials associated with Plaintiff's non-selection, made the challenged decisions at DEA headquarters in Virginia. Ex. 1, Saunders Decl. ¶ 4; Ex. 2, Kimbell Letter (noting mailing address in correspondence as 8701 Morrissette Drive, Springfield, Virginia). As a result, it is undisputed from Plaintiff's Complaint that the relevant alleged events occurred at DEA headquarters in Arlington, Virginia, and that venue is proper in the Eastern District of Virginia under the first venue prong.

---

[2] The Court may take judicial notice of information posted on official public websites of government agencies. *See, e.g., Markowicz v. Johnson*, 206 F. Supp. 3d 158, 161 n.2 (D.D.C. 2016) (Contreras, J.) (citing *Pharm. Rsch. & Mfrs. of Am. v. Dep't of Health & Human Servs.*, 43 F. Supp. 3d 28, 33 (D.D.C. 2014) (Contreras, J.) ("Courts in this jurisdiction have frequently taken judicial notice of information posted on official public websites of government agencies.") (citing *Cannon v. District of Columbia*, 717 F.3d 200, 205 n.2 (D.C. Cir. 2013) (taking judicial notice of document posted on D.C. public website)))). As such, the Court can consider the websites cited herein without converting this motion into one seeking summary judgment. *See, e.g., Wilson v. Wolf*, Civ. A. No. 20-0100 (ABJ), 2021 WL 230136, at *4 (D.D.C. Jan. 22, 2021) ("In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only 'the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice.'") (citing, among others, *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 (D.C. Cir. 1997)).

### 2.     DEA's Personnel Records are Stored in Springfield, Virginia

Notably, Plaintiff makes no assertion with respect to the location of her personnel records. *See* ECF No. 1, Compl. That aside, DEA's personnel records repository is in Springfield, Virginia, thus necessitating a conclusion under the second venue prong that transfer to the Eastern District of Virginia is warranted.

As this Court has found, venue is established by the location of the master set of relevant employment records. *Kendrick v. Potter*, Civ. A. No. 06-0122, 2007 WL 2071670, *3 (D.D.C. July 16, 2007) (venue "lies where the complete master set of Plaintiff's relevant employment records are maintained and administered, not merely where any records happen to be located."); *see also Washington v. Gen. Elec. Corp.*, 686 F. Supp. 361, 363 (D.D.C. 1988) (rejecting the argument that venue existed in Washington, D. C., because a copy of the plaintiff's employment records were located in the district, and holding that "Congress intended venue to lie on the basis of the presence of records only in the one judicial district in which the complete, 'master' set of employment records is 'maintained and administered.'"). Because DEA maintains its personnel records in Springfield, Virginia, a transfer to the Eastern District of Virginia is appropriate under the second prong of Title VII's venue provision.

### 3.     If DEA Had Selected Plaintiff to Become a Special Agent, Employment Would Have Originated in Quantico, Virginia

As previously noted, Plaintiff applied for a position as a Special Agent with DEA, which is located in Arlington, Virginia, and Plaintiff alleges that DEA personnel engaged in employment discrimination based on race and sex, decisions that were made at DEA headquarters. Ultimately, had DEA personnel selected Plaintiff to serve as a DEA Special Agent, her initial training would have occurred in Quantico, Virginia, at DEA's Basic Training Academy. *See* "DEA Office of Training," https://www.dea.gov/law-enforcement/office-of-training (last accessed June 4, 2021).

8

Under these circumstances, but for the alleged unlawful employment practice, Plaintiff would have been initially employed in Quantico, Virginia.

### 4. The Fourth Prong is Irrelevant Because Another District is Proper for Venue.

Before the Court moves to analysis of the fourth prong, the Court must establish that *no district* would be proper for plaintiff's claim under the first three prongs of 42 U.S.C. § 2000e-5(f)(3). *Saran*, 2005 WL 1106347, at *3 (proceeding to the fourth prong under 42 U.S.C. § 2000e-5(f)(3) when "defendant cannot be found in any other districts where venue is appropriate."). Here, venue is indisputably proper in the Eastern District of Virginia under the first three prongs and thus, there is no reason for the Court to look to the fourth prong of the venue analysis.[3]

### B. In the Interest of Justice, the Court May Transfer this Case to the Eastern District of Virginia.

Under 28 U.S.C. §1406(a), in the interest of justice, a court may transfer a case to any judicial district where plaintiff could have originally brought the claim. *See Washington*, 686 F. Supp. at 364. Whether transferring the case is in the interest of justice rests within the discretion of the transferor court. *See Hayes v. RCA Serv. Co.*, 546 F. Supp. 661, 665 (D.D.C. 1982). Here, the only district where venue would be proper for Plaintiff's action is the Eastern District of Virginia, because the non-selection at issue in this case occurred in Virginia; Plaintiff's personnel records are maintained in Virginia; and, but for the alleged unlawful employment practice, Plaintiff would have initially worked in Virginia. Moreover, though not relevant because the first three prongs establish that jurisdiction is appropriate in the Eastern District of Virginia—Defendant's principal place of busines is DEA headquarters, located in the Eastern District of Virginia. Thus,

---

[3] Nonetheless, should the Court conclude that analysis under the fourth venue prong is warranted, the analysis as to the location of the agency's principal place of business under the fourth prong would result in Arlington, Virginia, in the Eastern District of Virginia.

in the interest of justice and in the Court's discretion, Plaintiff's action may be transferred to the Eastern District of Virginia, rather than dismissed for lack of venue.

## **CONCLUSION**

For these reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint for improper venue, or, in the alternative, transfer the case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1406(a). If the Court should transfer Plaintiff's case to the Eastern District of Virginia, Defendant respectfully requests that the Court do so without prejudice to the DEA's right to seek dismissal under other Rule 12 grounds and afford the DEA thirty days to answer or otherwise respond to Plaintiff's Complaint upon completion of the transfer.

Dated: June 7, 2021
      Washington D.C.

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: */s/ Dedra S. Curteman*
DEDRA S. CURTEMAN
IL Bar #6279766
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 252-2550
dedra.curteman@usdoj.gov

*Counsel for Defendant*